In the Matter of the Seizure of

Approximately $34,564.04 in proceeds from
the sale of 8524 North Ava Avenue, Kansas
City, Missouri.

Case No. 24-SW-00581-JAM

ATTACHMENT A

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CLINT ROBERT SCHRAM,

        Defendant.

Case No. 20-06002-01-CR-W-DGK

## VERDICT FORM

## COUNT NINE

We, the jury, find the defendant, CLINT ROBERT SCHRAM, _____Guilty_____

                                                              *(Guilty/Not Guilty)*

of Advertisement of Child Pornography by means of "Website D," as charged in Count Nine of

the Indictment.

_____5/10/23_____

DATE

_____*[signature]*_____

FOREPERSON OF THE JURY

\*If you are unable to reach a unanimous decision on the above charge, leave the spaces blank.

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CLINT ROBERT SCHRAM,

        Defendant.

Case No. 20-06002-01-CR-SJ-SRB

## SPECIAL VERDICT FORM

We, the Jury, return the following Special Verdict as to the defendant's interest in the following property, alleged in the Forfeiture Allegation of the Indictment to be subject to forfeiture to the United States:

> The defendant's residence, Lot 9, Block 5, Line Creek Meadows—Third Plat, a subdivision in Kansas City, Platte County, Missouri, commonly known as 8524 N. Ava Avenue, Kansas City, Missouri 64154.

We, the jury, unanimously find this property is subject to forfeiture.

YES       X

NO       _____

5/10/23
Date

FOREPERSON

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### ST. JOSEPH DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CLINT ROBERT SCHRAM,

        Defendant.

Case No. 20-06002-01-CR-SJ-SRB

## PRELIMINARY ORDER OF FORFEITURE

This matter is before the Court on the Motion of the United States for a Preliminary Order of Forfeiture. In the Forfeiture Allegation of the Indictment and the Notice and Bill of Particulars for Forfeiture of Property, the United States sought forfeiture of the following property pursuant to 18 U.S.C. § 2253, on the basis that the property represented proceeds or facilitated the advertisement of child pornography:

    a. Lot 9, Block 5, Line Creek Meadows – Third Plat, A Subdivision in Kansas City, Platte County, Missouri, commonly known as 8524 N. Ava Avenue, Kansas City, Missouri 64154;

    b. Vantec, NexStar TX, Model NST-328S3-BK, hard drive, serial number 0673609947, with power cord;

    c. Western Digital, WD Elements, hard drive, serial number WX21D57R7UED, with cord;

    d. HP Pavilion tower, Model 510-P114, serial number CNV63707Q0;

    e. Raspberry Pi 4, Model B Computer, FCCID 2ACB-RPI4B, with power cord and video cable;

    f. HP laptop, with ProtectSmart, serial number 5CD53057LK, with power cord;

    g. G.Skill Micro SD Adapter with G.Skill 32 GB Micro SD card, serial number CDBAJK123770;

    h. SanDisk Ultra Plus 32 GB Micro SD card, serial number 9227ZV0V305N;

i. CanaKit Micro SD reader with Samsung Evo Plus Micro SD card, 32 GB;

j. 2 thumb drives - 1 PNY 64 GB USB 3.0, 1 GorillaDrive;

k. 29 optical discs; and

l. Gray Samsung Galaxy S8 cell phone, Model SM-G950U, IMEI 358332084452353, with black Otterbox case.

2. On May 10, 2023, a jury found the defendant, Clint Robert Schram, guilty on all counts of the Indictment. The jury also determined that the United States had established the requisite nexus between the above-described real property located at 8524 N. Ava Avenue, Kansas City, Missouri, and the offenses committed by the defendant, and the property was therefore subject to forfeiture. The defendant waived a jury finding on the requisite nexus of the computer equipment listed above and agreed not to contest the forfeiture of those items.

The Court has determined, based on the evidence set forth in the jury's special verdict form and the defendant's waiver, that the United States has established the requisite nexus between the property described herein, and in the Forfeiture Allegation of the Indictment Notice and Bill of Particulars for Forfeiture of Property, and the offenses for which the defendant has been found guilty.

By virtue of the guilty verdict and the jury's finding of the requisite nexus between the above-described property and the offenses committed by the defendant, the United States is now entitled to a Preliminary Order of Forfeiture and to possession of the property pursuant to 18 U.S.C. § 2253.

Accordingly, it is hereby ORDERED:

1. Based upon the guilty verdict, the jury's determination that the real property located at 8524 N. Ava Avenue, Kansas City, Missouri, is subject to forfeiture, the defendant's waiver of a jury determination regarding the forfeitability of the electronic equipment listed above, and the

Forfeiture Allegation in the Indictment and the Notice and Bill of Particulars for Forfeiture of Property, the above-described property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

2.      Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the above-described property in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

3.      Pursuant to 21 U.S.C. § 853(n), the United States shall publish for at least 30 consecutive days on the government's official website, www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-described property, must file a petition with the Court (and serve a copy on Alison Dunning, Assistant United States Attorney), within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

4.      Pursuant to Rule 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

3

5.      The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

6.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture in which all interests will be addressed.


                                        /s/ Stephen R. Bough
                                        _____
                                        HONORABLE STEPHEN R. BOUGH
                                        United States District Judge

Dated:  October 5    , 2023

UNITED STATES OF AMERICA,

Plaintiff,

v.

CLINT ROBERT SCHRAM,

Defendant.

Case No. 20-06002-01-CR-SJ-SRB

## JOINT MOTION TO APPROVE STIPULATION
## REGARDING THIRD-PARTY FORFEITURE CLAIM

The United States of America, by and through the undersigned Assistant United States Attorney, and Claimant U.S. Bank National Association ("U.S. Bank") (collectively, the "Parties"), jointly move the Court for an order approving the Stipulation attached hereto as Exhibit 1, in order to resolve U.S. Bank's pending third-party claim in the forfeiture proceeding.[1] In support of this motion, the Parties state as follows:

1.     On July 21, 2020, Defendant Clint Robert Schram ("Defendant") was charged by Indictment with engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g), conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d) and (e), and advertisement of child pornography, in violation of 18 U.S.C. §§ 2 and 2251(d) and (e). (D.E. 1.)

2.     The Indictment included a Forfeiture Allegation, which, pertinent for purposes of this motion, sought forfeiture, pursuant to 18 U.S.C. § 2253, of any property, real or personal, used or intended to be used by Defendant to commit or to promote the commission of the charged

---

[1] As set forth in paragraph six, below, on November 30, 2023, U.S. Bank submitted a petition to the United States asserting an interest in the property located at 8524 N. Ava Avenue, Kansas City, Missouri 64154, which the United States has construed as a timely third-party claim in the above-captioned case.

offenses. (*Id.*) The property to be forfeited included, but was not limited to, the following real property:

> Lot 9, Block 5, Line Creek Meadows – Third Plat, A Subdivision in Kansas City, Platte County, Missouri, commonly known as 8524 N. Ava Avenue, Kansas City, Missouri 64154.

This property is referred to herein as "8524 N. Ava Avenue."

3. On July 23, 2020, the United States filed a *Lis Pendens* as to the 8524 N. Ava Avenue property, giving notice that the United States is seeking forfeiture of that property. (D.E. 3.) The *Lis Pendens* was recorded with the Platte County, Missouri Recorder of Deeds on or about July 27, 2020.

4. On May 10, 2023, a jury found Defendant guilty on all counts of the Indictment. (D.E. 100.) The jury further found that the United States had established the requisite nexus between the 8524 N. Ava Avenue property and the offenses committed by Defendant, and the property was therefore subject to forfeiture. (D.E. 101.)

5. On October 5, 2023, following a motion filed by the United States (D.E. 115), the Court entered a Preliminary Order of Forfeiture as to the 8524 N. Ava Avenue property. (D.E. 116.) Notice of that Order was subsequently made by the United States via publication and written notice mailed to any parties with a known interest in the property, which included U.S. Bank.

6. On November 30, 2023, U.S. Bank submitted a petition to the United States asserting an interest in the 8524 N. Ava Avenue property, which the United States has construed as a timely third-party claim in the above-captioned case. *See* Claim of U.S. Bank, attached hereto as Exhibit 2. As set forth in its claim, U.S. Bank has an ownership interest in the 8524 N. Ava

Avenue property pursuant to the terms of a mortgage instrument executed by Defendant and dated July 8, 2010. Defendant is currently in default under the terms of his loan with U.S. Bank.

7. Defendant has appealed his conviction; that appeal remains pending. *See United States v. Schram*, Case No. 23-3504 (8th Cir. Nov. 13, 2023). However, this Court retains jurisdiction over the ancillary forfeiture proceeding. *See* Fed. R. Crim. P. 32.2(d).

8. Further, although Defendant has appealed the counts of conviction that support forfeiture, he has not moved to stay the forfeiture proceeding pending appeal. *See* Fed. R. Crim. P. 32.2(d); *see also United States v. Johnson*, 956 F.3d 510 (8th Cir. 2020) (district court has the discretion to deny a stay of a forfeiture order pending appeal).

9. Due to the criminal case, U.S. Bank has been prohibited from taking any action against the United States' interest in the 8524 N. Ava Avenue property, including by commencing foreclosure proceedings against the property. *See* 21 U.S.C. § 853(k) ("Except as provided in subsection (n), no party claiming an interest in property subject to forfeiture under this section may . . . (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section."); *see also United States v. MacInnes*, 223 F. App'x 549, 552–53 (9th Cir. 2007) (noting that § 853(k) "extinguishes the right of lienholders and other interested parties to enforce their rights against the Government through separate civil litigation" and "the only right a party with an interest in the property prior to forfeiture retains subsequent to the filing of an indictment or information . . . is the right to petition the district court pursuant to section 853(n)").

3

10.     The United States and U.S. Bank have negotiated a resolution of U.S. Bank's third-party claim to the 8524 N. Ava Avenue property, the terms of which are reflected in the attached Stipulation.

11.     Pursuant to the Stipulation, the United States will release its *Lis Pendens*, which would permit U.S. Bank to enforce its rights with respect to the 8524 N. Ava Avenue property. To the extent foreclosure proceedings are initiated, judgment of foreclosure is entered, and a foreclosure sale takes place, any excess proceeds resulting after satisfaction of U.S. Bank's lien and any associated costs and expenses will be seized and held by the United States as a substitute *res* for its interest in the 8524 N. Ava Avenue property, pending Defendant's appeal and the entry of a final order of forfeiture.

12.     The United States and U.S. Bank have negotiated this resolution of U.S. Bank's third-party claim because they believe it most effectively mitigates any prejudice to U.S. Bank as a legitimate third-party lienholder whose rights are adversely impacted by any further delay in the sale of the 8524 N. Ava Avenue property.

13.     The United States further notes that Defendant is not prejudiced by this resolution for two reasons. First, Defendant has not sought a stay of the forfeiture, and the United States would be entitled to seek a final order of forfeiture (after resolution of any third-party claims) and sell the property while the appeal is pending. Second, even if Defendant were to prevail on his appeal, U.S. Bank would still retain its right to foreclose on the property. *See United States v. Shkreli*, 2018 WL 4344948, at *1–2 (E.D.N.Y. Sep. 11, 2018) (where forfeiture of substitute assets was stayed pending appeal and assets were restrained, court not precluded from lifting the restraint to allow IRS to use the property to satisfy the defendant's tax liability, as the property would be available for that purpose even if the appeal were successful).

14.    A proposed order has been submitted with this motion.

WHEREFORE, the United States of America and Claimant U.S. Bank National Association respectfully request that the Court enter an order approving the proposed Stipulation to resolve the pending third-party claim in the forfeiture proceeding.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By     */s/Stephanie C. Bradshaw*
Stephanie C. Bradshaw
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122
Email: Stephanie.Bradshaw@usdoj.gov

*/s/ Cynthia Kern Woolverton*
Cynthia Kern Woolverton
Millsap & Singer, LLC
612 Spirit Drive
Chesterfield, Missouri 63005
Attorney for Claimant
U.S. Bank National Association

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on July 10, 2024, to the Electronic Filing System (CM/ECF) of the U.S. District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/Stephanie C. Bradshaw*
Assistant United States Attorney

5

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

CLINT ROBERT SCHRAM,

Defendant.

Case No. 20-06002-01-CR-SJ-SRB

## STIPULATION

It is hereby stipulated by and between the United States of America and U.S. Bank National Association ("U.S. Bank") (collectively, the "Parties"), by and through their respective attorneys, as follows:

1.      On July 21, 2020, the defendant in the above-captioned case, Clint Robert Schram ("Schram"), was charged by Indictment with engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g), conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d) and (e), and advertisement of child pornography, in violation of 18 U.S.C. §§ 2 and 2251(d) and (e). (D.E. 1.)

2.      The Indictment included a Forfeiture Allegation, which, pertinent for purposes of this Stipulation, sought forfeiture, pursuant to 18 U.S.C. § 2253, of any property, real or personal, used or intended to be used by Schram to commit or to promote the commission of the charged offenses. (D.E. 1.) The property to be forfeited included, but was not limited to, the following real property:

> Lot 9, Block 5, Line Creek Meadows – Third Plat, A Subdivision in
> Kansas City, Platte County, Missouri, commonly known as 8524 N.
> Ava Avenue, Kansas City, Missouri 64154.

This property is referred to herein as "8524 N. Ava Avenue."

3.    On July 23, 2020, the United States filed a *Lis Pendens* as to the 8524 N. Ava Avenue property, giving notice that the United States is seeking forfeiture of that property in the above-captioned action. (D.E. 3.) The *Lis Pendens* was recorded with the Platte County, Missouri Recorder of Deeds on or about July 27, 2020.

4.    On May 10, 2023, a jury found Schram guilty on all counts of the Indictment. (D.E. 100.) The jury further found that the United States had established the requisite nexus between the 8524 N. Ava Avenue property and the offenses committed by Schram, and the property was therefore subject to forfeiture. (D.E. 101.)

5.    On October 5, 2023, following a motion filed by the United States (D.E. 115), the Court entered a Preliminary Order of Forfeiture as to the 8524 N. Ava Avenue property. (D.E. 116.) Notice of that Order was subsequently made by the United States via publication and via written notice mailed to parties with a known interest in the property.

6.    On November 30, 2023, third-party U.S. Bank submitted a petition asserting an interest in the 8524 N. Ava Avenue property, which the United States has construed as a third-party claim in the above-captioned case. U.S. Bank has an ownership interest in the 8524 N. Ava Avenue property pursuant to the terms of a mortgage instrument executed by Schram and dated July 8, 2010.

7.    The United States hereby agrees to release its forfeiture *Lis Pendens* on the 8524 N. Ava Avenue property so that U.S. Bank may execute on its lien against the property. The United States will release the above-referenced *Lis Pendens* within seven (7) days of full execution of this Stipulation. In exchange, U.S. Bank agrees to release all claim or interest in any net proceeds resulting from any foreclosure sale of the 8524 N. Ava Avenue property. Net proceeds are all

proceeds after satisfaction of costs and expenses of the foreclosure sale and U.S. Bank's secured mortgage.

8.      In the event the foreclosure sale of the 8524 N. Ava Avenue property results in net proceeds, as defined above, the foreclosing trustee shall immediately notify Assistant United States Attorney Stephanie C. Bradshaw, or her duly appointed successor, of the final sale price and allow the United States seven (7) business days to pursue a seizure warrant or other appropriate process for the net proceeds to be served upon U.S. Bank and the foreclosing trustee.

9.      Upon seizure of any net proceeds, the United States will hold those net proceeds in a United States Marshals Service suspense account as a substitute *res* for its interest in the 8524 N. Ava Avenue property, pending the entry of a final order of forfeiture in the above-captioned case.

10.      U.S. Bank hereby releases and forever discharges the United States; its officers, agents, servants, and employees; and its heirs, successors, or assigns from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which U.S. Bank, its heirs, successors, or assigns ever had, now have, or may have in the future in connection with the seizure, detention, and forfeiture of the 8524 N. Ava Avenue property, arising from or in connection with this case, except as otherwise provided in this Stipulation.

11.      This Stipulation does not bind any agency of the United States Government on any matters not directly related to the seizure, detention, and forfeiture of the 8524 N. Ava Avenue property.

12.      The Parties agree to bear their own costs.

13.      This Stipulation may be executed in counterparts.

14.     This Stipulation comprises all of the provisions stipulated by and between the Parties.

15.     The Parties represent that they have the authority to make all representations and agreements contained herein.

16.     To the extent there is a reversal of the jury's verdict pertaining to the forfeiture of the 8524 N. Ava Avenue property prior to any foreclosure sale or liquidation of the 8524 N. Ava Avenue property, this Stipulation will have no force or effect.

Teresa A. Moore
United States Attorney


Date:  July 10, 2024          By:     /s/ Stephanie C. Bradshaw
Stephanie C. Bradshaw
Assistant United States Attorney
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Attorney for the United States of America


Date:  July 9, 2024                   /s/ Cynthia Kern Woolverton
Cynthia Kern Woolverton
Millsap & Singer, LLC
612 Spirit Drive
Chesterfield, Missouri 63005
Attorney for U.S. Bank National Association

4

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

CLINT ROBERT SCHRAM,

        Defendant.

Case No. 20-06002-01-CR-SJ-SRB

## <u>ORDER</u>

Before the Court is the Joint Motion to Approve Stipulation Regarding Third-Party Forfeiture Claim, jointly filed by Plaintiff the United States of America and Claimant U.S. Bank National Association (collectively, the "Parties"). (Doc. #161.) In that motion, the Parties request this Court enter an order approving a proposed stipulation, submitted with the Parties' joint motion, which would resolve Claimant's pending third-party claim in the forfeiture proceeding in the above-captioned case.

For the reasons set forth in the Parties' motion, and for good cause shown, it is hereby

ORDERED:

The stipulation proposed by the Parties and submitted as Exhibit 1 to the Joint Motion to Approve Stipulation Regarding Third-Party Forfeiture Claim is approved.

IT IS SO ORDERED.


Dated: <u>July 11, 2024</u>        <u>/s/ Stephen R. Bough</u>
                               HONORABLE STEPHEN R. BOUGH
                               UNITED STATES DISTRICT JUDGE

| Direction | Ref # | Check # | Item Date | Date Voided | Type | Payee/From | Deposit | Check | Balance | Unallocated | Memo |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Deposit | | | 10/18/2024 | | 3rd Party Purchaser | ███████ | $20,000.00 | | $0.00 | $0.00 | Schram / 3rd Party Funds / Loan#: 6810017064 |
| Deposit | | | 10/18/2024 | | 3rd Party Purchaser | ███████ | $25,000.00 | | $0.00 | $0.00 | Schram / 3rd Party Funds / Loan#: 6810017064 |
| Deposit | | | 10/18/2024 | | 3rd Party Purchaser | MIDTOWN EQUITY MORTGAGE LLC. | $196,000.00 | | $34,564.04 | $0.00 | Schram / 3rd Party Funds / Loan#: 6810017064 |
| Check | | 47239 | 10/18/2024 | | Other | U.S. Bank National Association | | $206,435.96 | | $0.00 | MS #207971 / Schram / 3rd Party Funds / Loan#: 6810017064 |
| Check | | 47238 | 10/18/2024 | 10/18/2024 | Other | U.S. Bank National Association | | $0.00 | | $0.00 | MS #207971 / Schram / 3rd Party Funds / Loan#: 6810017064 |

| | |
|---|---|
| **Deposits (+):** | **$241,000.00** |
| **Checks (-):** | **$206,435.96** |
| **Balance:** | **$34,564.04** |